IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01676-CMA-KMT

LLOYD VICTOR HAYNES,

    Plaintiff,

v.

ELLEN WALKER, and
ARTHUR J. OSIER,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves a claim that Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights. This matter is before the court on the "State Defendant's [sic] Motion to Dismiss" (Doc. No. 70) filed August 2, 2008. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007).

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Skyline Correctional Facility in Cañon City, Colorado ("SCF"). (Am. Prisoner Compl. at 2 [hereinafter "Compl."] [filed January 18, 2008].) Plaintiff has named as defendants Ellen Walker, Probation Officer with the Fourth Judicial District in El Paso County, in her individual and official capacities; and Arthur J. Osier, Probation Supervisor with the Fourth Judicial District in El Paso

County, in his official capacity only. (*Id.* at 2.) Plaintiff has asserted three claims for relief. (*Id.* at 4–7.)

In Claim One, Plaintiff alleges the defendant[1], without judicial authority or order, "illegally changed 90 days _Home Detention to Home Arrest. In violation of Plaintiffs article V and Sec. 1 article XIV United States Constitutional Rights." (*Id.* at 4.) Plaintiff states that on September 29, 2003, he was sentenced to ninety days' home detention with credit given for seventy-seven days' presentence confinement, resulting in a home detention period from October 8, 2003, through October 21, 2003. (*Id.*) Plaintiff alleges the defendant "refused to comply with" the judge's sentencing order, the "Court Contract with Probation Office and Plaintiff," and the "Court Contract . . . Signed by Plaintiff, Defendant, and Judge." (*Id.*) Plaintiff further alleges that Defendants increased his "custody level to 24 hr. Lockdown in his Home without incident from Plaintiff. Violating all contracts with court and plaintiff . . . Malice and Deliberate indifference as Defendant prescribes to her own agenda." (*Id.*)

In Claim Two, Plaintiff alleges the defendants caused him erroneous costs, undo strife and financial burden, unrest and mental anguish, illegal confinement, and a ten-year DOC sentence. (*Id.* at 5.) It appears Plaintiff is alleging that Defendant Walker "re-sentenced" Defendant and added an additional six months of home detention to his sentence. (*Id.*) Apparently Plaintiff removed his ankle transmitter after 171 days, and then he was charged with

---

[1]The parties alternate between referring to either "defendant" or "defendants" throughout the Complaint, the motion to dismiss, and the response and reply to the motion to dismiss. The court liberally will construe all of the allegations and the defenses asserted as relating to both defendants unless the parties have specifically named one of the defendants.

theft for doing so. (*Id.*) Plaintiff seems to assert he was charged with a felony for the theft of the ankle bracelet, but that if an additional six months had not been added to his home confinement, "the felony would not have taken place." (*Id.* at 10.) Plaintiff asserts that he incurred unspecified costs due to his "illegal sentence" and that Defendant Walker knew these additional costs would cause Plaintiff "unbearable family frictions." (*Id.* at 9.) Plaintiff states he is a long-time I.V. drug user, and that he was seeking "illegal substances to deal with the pressures associated with all of this." (*Id.*) Plaintiff alleges Defendant Walker's actions were "outside her authority and illegal," and that he is a "casuality [sic] of Defendants willful wanton, malice, and deliberate indifference . . . of well thought out scheme where Defendant uses her authority . . . acting outside of her authority and outside the color of law in violation of article V and Sec. 1 article XIV United States Constitution." (*Id.*)

In Claim Three, Plaintiff alleges the defendant refused to allow him thirty days granted by the judge "to get his affairs in ORDER PRIOR to beginning probation sentence." (*Id.* at 11.) He states the defendant "illegally confined the Defendant immediately upon his release from court to his home effectively denieing [sic] him time to get his affairs and his matter in order. . . ." (*Id.*) Plaintiff asserts the defendant's actions caused a chain reaction and "effectively destroyed his life as Plaintiff was subject to her wanton, malice, and deliberate indifferance [sic] of his Constitutional and Civil Rights for a period of approximately seven months." (*Id.* at 11–12.) Plaintiff states Defendants' actions were in violation of Colorado state law and "United States Constitution article V and Sec. 1 article XIV." (*Id.* at 12.)

Plaintiff seeks actual damages and punitive damages. (*Id.* at 13.)

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the bases that: (1) Plaintiff's action is barred by the statute of limitations; (2) the state defendants are not persons within the meaning of § 1983; (3) Plaintiff's § 1983 action is really a tort claim; (4) the Eleventh Amendment bars Plaintiff's claims against state defendants; and (5) the state defendants are entitled to absolute or qualified immunity. (State Defendant's [sic] Mot. to Dismiss [hereinafter "Mot."] [filed August 22, 2008].) In their reply in support of the motion to dismiss, Defendants further argue Plaintiff's claims should be dismissed on the bases that: (1) the court must abstain from hearing this case under the *Younger* doctrine; and (2) they are precluded by *Heck v. Humphrey*. (State Def.'s [sic] Am. Reply in Supp. of Mot. to Dismiss at 3, 5 [hereinafter "Reply"].)

## PROCEDURAL HISTORY

Plaintiff filed his Amended Prisoner Complaint on January 18, 2008. (Compl.) Defendants filed their motion to dismiss on August 22, 2008. (Mot.) Plaintiff, who was *pro se* at the time, filed his response on November 4, 2008. (Pl.'s(Pl.'s Objection to State Def.'s [sic] Mot. to Dismiss [hereinafter "*Pro Se* Resp."].) On December 11, 2008, counsel entered an appearance on behalf of Plaintiff. (Doc. No. 82.) On December 30, 2008, Plaintiff filed an amended response. (Pl.'s Am. Resp. to Def.'s Mot. to Dismiss [hereinafter "Resp."].) On January 12, 2009, this court granted Plaintiff leave to file the amended response. (Doc. No. 95.) On January 22, 2009, Defendants filed an amended reply. (Reply.) This motion is ripe for review and recommendation.

4

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Although Plaintiff now has counsel, at the time he filed his Complaint he was *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.* *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580

(10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor.

*Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

**ANALYSIS**

1.  ***Statute of Limitations***

Defendants assert Plaintiff's allegations are barred by the statute of limitations. (Mot. at 4–6.) Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the

length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985) (overruled on other grounds). "A simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102. "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13-80-102(1)(g),(I). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S. Ct. 1091, 1095, *rehearing denied*, 127 S. Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Defendants state:

Plaintiff should have known that the State Defendants were violating his rights, at the earliest, when they refused to allow him the court-ordered 30 days to put his affairs in order or, at the latest, when he was not set free at the end of his 90 day sentence. Under either scenario therefore, his actions accrued no later than January 29, 2004, which would have been his discharge after serving 90 days following the alleged 30 day reprieve. Because he did not file this lawsuit until

8

August 9, 2007 – over three and a half years later – his claims are barred by the two year statute of limitation, and his action must be dismissed.

(Mot. at 5.) Plaintiff asserts that he did not know the defendant was acting outside her authority until February 22, 2007, when, while researching the value of the ankle monitor, Plaintiff discovered that the defendant's actions were outside her authority and a violation of his rights. (Compl. at 10; Resp. at 2.) Accepting as true all the factual allegations made by Plaintiff regarding the date he discovered the defendants allegedly violated his rights, the pleadings do not establish beyond a doubt that Plaintiff cannot prove any set of facts that would toll the statute of limitations. Therefore, to the extent that Defendants' Motion to Dismiss is based on the statute of limitations, it is properly denied.

## 2. *Eleventh Amendment Immunity*

Defendants assert the claims against them in their official capacities should be dismissed because state defendants are not persons subject to liability under § 1983. (Mot. at 6.) Defendant's motion is not the model of clarity in this regard. The better argument is that the defendants, to the extent they are being sued in their official capacities, are immune. However, as applied in this case, these arguments merge into a single correct statement of the law.

Section 1983 imposes civil liability upon any "person" who subjects another to a constitutional deprivation. 42 U.S.C. § 1983. Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for every such litigant. It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in

essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Hunt v. Colo. Dept. of Corr.*, 271 Fed. Appx. 778 (10th Cir. 2008). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted). Here, it cannot be disputed that the defendants are state officials; nor can it be disputed that there has been no waiver of immunity by Colorado or its state agencies from suits for damages under § 1983. Accordingly, as Plaintiff states he is suing Defendant Osier in his official capacity only, the claims against Osier should be dismissed with prejudice. Moreover, to the extent Plaintiff is asserting official capacity claims for damages against Defendant Walker, those claims should be dismissed with prejudice.

     As the court has determined the official capacity claims should be dismissed, the court need only analyze the remaining substantive issues addressed in the motion to dismiss as they pertain to Defendant Walker in her individual capacity.

*3.* **Younger** *Doctrine*

The *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief — such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings — when such relief could be sought in the state court. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). *See also Younger v. Harris*, 401 U.S. 37 (1971). In addition, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)). If these conditions are met, abstention is nondiscretionary and must be invoked. *Id.*

As to the first condition that there must be an ongoing state criminal, civil, or administrative proceeding, Defendants assert that Plaintiff's recourse to challenge his criminal sentencing is properly through post-conviction remedies availed by Colo. R. Crim. P. 35. (Reply at 3.) On April 21, 2008, Plaintiff filed a letter directed to this court, along with a copy of his "Motion for Reconsideration and Rehearing on 35(c) with Just Reobtained Supporting Documents" signed by Plaintiff and dated April 1, 2008, filed in El Paso County, Colorado, District Court. (Doc. No. 63.) The letter addressed to this court states that Plaintiff "had reasonable expectation to believe Ms. Walker would not violate my civil and constitutional

11

rights. . . ." (*Id.*) The Rule 35(c) motion asks the El Paso County District Court to reconsider and rehear Plaintiff's 35(c) motion states, in pertinent part:

> II.
> a.) On 29 Sep 2003 defendant was granted by the Honorable Judge Thomas K. Kane and ISP probation sentense (sic) which carried a stipulated 90 days of home detention with 77 days PSCC. [ ]
> b.) 22 Feb 2007 while researching the value of the ankle transmitter . . . the Defendant discovered Ms. Walker had subjected the defendant to her arbitrary and capricious abuse of discretion which is violative of state law, and she changed the defendants sentence (3) three times . . . and is the subject of case 07-cv-1676-KMT-EDWARD W. NOTTINGHAM-U.S.District Court.
> c). Defendant complied with the Honorable Judge Kanes order despite Ms. Walkers changing the sentence to "HOME ARREST" and the value of the transmitter is $475.00. . . .
> d). Having completed the courts order Ms. Walker, who had a legal responsibility not to violate the defendants civil rights again abused her authority when she through her assign . . . sentence the defendant to an additional 180 days. The defendant was given a new contract which increases the value of the same transmitter . . . to $525.00 despite the fact it wasn't even removed from the defendant. . . .
> e). Defendant was then wrongly charged with [another crime].
> ***
> IV.
> [T]he pro-se defendant would ask this court to reconsider it previous order and . . . investigate his now documented claims into . . . the clearly illegal sentence imposed against the defendant by his probation officer who the defendant had a reasonable expectation to believe would no[t] violate his civil and constitutional rights.

(*Id.* at 2–5.) *Younger* may bar a federal court action when state judicial proceedings have not themselves commenced if the substance of the federal case has not been addressed and the federal case has not proceeded beyond an "embryonic state." *See Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 23 (1984). Here, although the state court case was filed after the commencement of this federal case, at the time of the filing of Plaintiff's state court action

12

nothing of substance had occurred in the federal court action; it is still in its "embryonic stage." In addition, Plaintiff has asserted the same underlying claims in both cases. Furthermore, the fact that Plaintiff is seeking money damages unavailable in the state court proceedings does not assist Plaintiff in avoiding the application *Younger*. Although the *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief when such relief could be sought in the state court, the Tenth Circuit has extended *Younger* to a § 1983 claim for money damages. *See Parkhurst v. Wyo.*, 641 F.2d 775, 777 (10th Cir. 1981) (finding where party is seeking money damages that might flow from the very fact of unconstitutional conviction under review in state habeas action, district court correctly refused to consider party's money damages claim during pendency of direct criminal appeal). Therefore, the first *Younger* requirement that there be an ongoing state criminal, civil, or administrative proceeding is met.

The second *Younger* condition, that the state court must provide an adequate forum to hear the claims raised in the federal complaint, is also met. The relief sought by Plaintiff is identical to the relief sought in this court — a reversal of the "illegal sentence" imposed on him by the probation officer. Plaintiff's state proceeding provides an adequate forum to address these claims.

Finally, the third *Younger* condition, that the state proceedings must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies, is also met. There are important state interests in allowing

the Colorado state court to resolve the issues brought in Plaintiff's petition for relief under Rule 35(c).

As all three *Younger* conditions have been met, abstention by this court is nondiscretionary. As Plaintiff's 35(c) motion is directed only to Defendant Walker, *Younger* abstention may be applied to her only. As discussed above, Defendant Osier is properly dismissed as a defendant because Plaintiff asserted claims against him in his official capacity only, and therefore he is immune.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "State Defendant's [sic] Motion to Dismiss" (Doc. No. 70) be GRANTED and that the case be dismissed in its entirety, without prejudice as to Defendant Walker and with prejudice as to Defendant Osier.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge