**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-01676-CMA-KMT

LLOYD VICTOR HAYNES,

    Plaintiff,

v.

ELLEN WALKER, and
ARTHUR J. OSIER,

    Defendants.

**AMENDED ORDER ADOPTING AND AFFIRMING FEBRUARY 9, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Plaintiff's Objection to Magistrate Judge Tafoya's Recommendation (Doc. # 101). Magistrate Judge Tafoya issued a recommendation that Defendants' Motion to Dismiss be granted and this case dismissed without prejudice on February 9, 2009 (Doc. # 100). Plaintiff filed his timely Objection on February 16, 2009 (Doc. # 101).

The Court has conducted the requisite *de novo* review of the issues raised by Plaintiff's Objection. *See* Fed. R. Civ. P. 72(b)(3). As for those matters for which Plaintiff has not raised an objection, the Court has applied the clear error standard of review. *See Grady v. Edmonds*, 2009 WL 524998, *1 (D. Colo. Mar. 2, 2009) (Ebel, J.); *see also Summers v. Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991) (noting that district court may review an unchallenged magistrate judge's report under any standard the

court deems appropriate) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)).  Based on its review, the Court concludes that Magistrate Judge Tafoya's thorough and comprehensive analyses and recommendations are correct.

Thus, the Court will AFFIRM AND ADOPT Magistrate Judge Tafoya's Recommendation.

## **INTRODUCTION**

Plaintiff pleads three claims for relief, each of which alleges that Defendants violated his due process rights.  Although not entirely clear, it appears that his claims sound against Defendant Walker in her official and personal capacities and against Defendant Osier in his official capacity only.

In Plaintiff's first claim, he alleges that Defendants "without judicial authority or order illegally changed 90 days _Home Detention to Home Arrest."  According to the Amended Complaint, Defendants locked Plaintiff down in his home for 24 hours per day during a portion of his 90-day home-detention sentence.  Plaintiff alleges that the lock down contravened a "Contract with Probation Office and Plaintiff, and Court Contract, Signed by Plaintiff, Defendant, and Judge."

In his second claim, Plaintiff alleges that Defendant Walker "re-sentenced" Plaintiff to add "an additional (6) six months of Home Detention" to Plaintiff's sentence. Plaintiff contends that he "illegally served 171 days" of the sentence before he removed

his ankle transmitter.[1]  He alleges that the illegal sentence caused him numerous financial and familial difficulties.

Plaintiff's third claim alleges that Defendants "refused to allow Plaintiff thirty (30) days granted by the Judge to get his affairs in order" prior to beginning his probation sentence.  Plaintiff alleges that Defendants immediately confined him to his home notwithstanding a judge's order, and that by doing so, Defendants "effectively destroyed" Plaintiff's life.

Defendants filed a Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6).  They argued that Plaintiff's claims were time-barred by the statute of limitations, Defendant Osier (in his official capacity) is not a "person" within the meaning of 42 U.S.C. § 1983, Plaintiff's § 1983 claim is actually a tort claim barred by the Colorado Governmental Immunity Act, the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities, and that they are entitled to absolute or qualified immunity.  In their reply in support of the Motion to Dismiss, Defendants also raised the issue of abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and argued that Plaintiff's damages claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Magistrate Judge Tafoya found two of the arguments raised by Defendants' Motion to Dismiss persuasive.  First, she concluded that the Court should dismiss Plaintiff's claims against Defendants in their official capacities on the basis of Eleventh

---

[1]  Plaintiff does not explain why he served all but nine days of the illegal sentence before removing the ankle transmitter.  In any event, he was then charged with theft for removing the transmitter.

Amendment Immunity. Second, she found that the *Younger* requirements were satisfied in this case as to Defendant Walker. Thus, she concluded that the Court should dismiss the claims against Defendant Osier and abstain from hearing Plaintiff's claims against Defendant Walker.

## **ANALYSIS OF PLAINTIFF'S OBJECTIONS**

Plaintiff's three objections relate only to Magistrate Judge Tafoya's application of the *Younger* doctrine.[2] The basic premise of *Younger* is that a federal court should not interfere with an ongoing state proceeding if the state forum provides an adequate forum for the party to present any federal constitutional challenges. *See, e.g.,* 401 U.S. 37, 43 ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *see also* 32A Am. Jur. 2d *Federal Courts* §1082 (2009) (noting that *Younger* abstention requires a federal court to abstain from hearing a case that would "disrupt an ongoing state criminal proceeding"). A case falls within the *Younger* doctrine if three requirements are met: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests typically resolved by the application of state law. *See Weitzel v. Division of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

---

[2] Interestingly, he raises no objection to Magistrate Judge Tafoya's conclusion that Plaintiff's claims against Defendants in their official capacities should be dismissed. Thus, because the Court finds no clear error on this point, those claims are dismissed pursuant to Magistrate Judge Tafoya's Recommendation.

The *Younger* doctrine does not require that Plaintiff pursue identical claims or proceedings in both state and federal court. *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (holding that *Younger* typically applies whenever a federal judgment "would have preclusive effects on a pending state-court proceeding"). This is because the doctrine is a practical one intended to prohibit federal courts from interfering with the operation of state courts generally. Instead, under the circumstances of this case, *Younger* abstention is inappropriate only if the federal plaintiff **cannot** pursue his federal contention in the state proceeding. *See D.L.*, 392 F.3d at 1229.

Abstention under *Younger* is jurisdictional in nature. *See id.* If the three requirements are met, and no exceptions to *Younger* apply, a federal court has no choice but to abstain from hearing the case. *See Weitzel*, 240 F.3d at 875 ("the district court must abstain once the conditions are met").

In this case, Magistrate Judge Tafoya concluded that the *Younger* doctrine applied because of Plaintiff's pending, state court, post-judgment action under Colorado Rule of Criminal Procedure 35(c).[3] She concluded that: (1) Plaintiff's pending Rule 35(c) lawsuit in the El Paso County District Court satisfied the first *Younger* prong; (2) that the relief sought in both cases was identical – a reversal of the illegal sentence imposed on him by Defendants; and (3) that the issues raised in both lawsuits involved

---

[3] The state court proceeding involved claims against only Defendant Walker. Thus, the *Younger* analysis relates solely to Plaintiff's claims against Defendant Walker.

important state interests – the propriety of sentencing and probation – typically resolved by application of state law.

Each of Plaintiff's three objections relate to distinctions between his state court Rule 35(c) lawsuit and this lawsuit.  First, Plaintiff contends that Magistrate Judge Tafoya erred by concluding that Plaintiff "asserted the same underlying claims" in both his Rule 35(c) lawsuit and this federal lawsuit.  Plaintiff argues that his Rule 35(c) case seeks redress for ineffective assistance of counsel and he has not plead that claim in this lawsuit.  However, Plaintiff's objection on this point is belied by his allegations in his Rule 35(c) lawsuit, which Magistrate Judge Tafoya quoted in her Recommendation.  Notably, in a motion that Plaintiff filed in the state court lawsuit, Plaintiff alleges that Defendant Walker "subjected [Plaintiff] to her arbitrary and capricious abuse of discretion which is violative of state law, and she changed [Plaintiff's] sentence (3) three times . . . and is the subject of the case 07-cv-1676 -KMT-EDWARD W. NOTTINGHAM-U.S. District Court."  Thus, contrary to his objection, Plaintiff has raised similar issues, if not identical claims, in both his state court and federal court lawsuits.

Second, Plaintiff argues that the relief he seeks in his Rule 35(c) case is different than the relief sought in this federal lawsuit.  Plaintiff contends that he seeks reversal of an illegal sentence in this case, whereas he seeks to withdraw his guilty plea due to ineffective assistance of counsel in his Rule 35(c) case.  Plaintiff's objection is nothing more than semantics – the end result of both his state court lawsuit and this lawsuit would be a reversal of Plaintiff's sentence.  Regardless of whether Plaintiff seeks to

avoid imposition of his sentence by alleging ineffective assistance of counsel or violation of due process, the end result of Plaintiff's lawsuits, should he prove victorious, would be vindication for injuries alleged caused by imposition of a criminal sentence.

Additionally, Colorado Rule of Criminal Procedure 35(c) offers Plaintiff the opportunity to challenge his conviction or sentence if it was "imposed in violation of the Constitution or laws of the United States or the constitution or laws of" Colorado. Colo. R. Crim. P. 35(c)(2)(I). Thus, the state court proceeding offers Plaintiff the adequate forum to raise his constitutional challenges to his sentence and adjudication of this federal lawsuit would necessarily intrude on the potential for the state court to adjudicate the same issues. Put simply, the fact that Plaintiff decided not to pursue due process claims in the state court proceeding does not preclude application of *Younger*.

Third, Plaintiff argues that he is not asking this Court to consider Rule 35(c) issues in this lawsuit, but instead, is seeking damages for injuries caused by Defendants. The Court views this objection as the converse of his first objection, and again, the Court disagrees. As the Tenth Circuit Court of Appeals held in *D.L.*, the fact that Plaintiff seeks damages in this Court does not affect the applicability of *Younger*. *See D.L.*, 392 F.3d at 1228 ("[T]he *Younger* doctrine extends to federal claims for monetary relief . . . .").

In sum, Plaintiff construes the *Younger* doctrine too narrowly. Although this Court recognizes the vital role that it plays in protecting Plaintiff's constitutional rights, the Court must also maintain a safe distance from ongoing state criminal proceedings.

7

If the Court were to sustain Plaintiff's objections in this case, it would subvert the purpose behind *Younger* by allowing a party to litigate in federal and state fora with nothing more than artful pleading; that is not a result that *Younger* intended to produce.

As noted above, *Younger* abstention is driven by the federal courts' desire to avoid intruding upon the states' ability to manage their own criminal and judicial affairs. Contrary to Defendant's objections, *Younger* does not require an exact overlap between the substance of Plaintiff's state and federal lawsuits. Instead, as the Tenth Circuit Court of Appeals has stated, Plaintiff must merely have the opportunity to raise similar claims in both the state and federal fora before *Younger* will apply. *See Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) ("[T]he state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit."). He has that opportunity in this case.

## **CONCLUSION**

The Court's review of Magistrate Judge Tafoya's recommendations reveal no clear error with the her conclusion that the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities. Moreover, based on a *de novo* review of those issues to which Plaintiff has objected, the Court concludes that it lacks jurisdiction to hear Plaintiff's claims against Defendant Walker in her individual capacity.

Accordingly, Plaintiff's Objections (Doc. # 101) are OVERRULED and Magistrate Judge Tafoya's Recommendation (Doc. # 100) is AFFIRMED AND ADOPTED.

IT IS FURTHER ORDERED that the claims against Defendants in their official capacities are DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that the claims against Defendant Walker in her individual capacity are DISMISSED WITHOUT PREJUDICE.

DATED: July   13  , 2009

BY THE COURT:

*Christine M Arguello*

_____

CHRISTINE M. ARGUELLO
United States District Judge